UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA, et al.,<br>　　　　　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER**<br><br>(ECF Nos. 12, 13, 14, 17, 18, 19, 20, 21, 26, 30, 35, 39, 40, 41, 42, 44, 45) |

*Pro se* Plaintiff Mark Picozzi brings this civil-rights action to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison ("HDSP"). The First Amended Complaint ("FAC") is Picozzi's operative pleading. (ECF No. 10). In screening the FAC, the Court allowed some claims to proceed and referred this matter to mediation. (ECF No. 9). Mediation is scheduled for January 13, 2023. (ECF No. 43).

Picozzi initially filed three motions that the Court construed as seeking a temporary restraining order and injunctive relief. (ECF Nos. 5, 6, 8). The Court set a briefing schedule for the motions and directed the Office of the Attorney General of the State of Nevada to advise whether it would enter a limited notice of appearance for the purpose of responding to them on behalf of Interested Party the Nevada Department of Corrections ("NDOC"). (ECF No. 11). The Attorney General's Office entered a limited appearance for that purpose. (ECF No. 15). The Court now addresses other motions that the parties have filed.

**I.  DISCUSSION**

　　**A.  ECF Nos. 17, 18, and 19**

The NDOC moves to extend the time for it to respond to Picozzi's motions for a restraining order and injunctive relief (ECF Nos. 5, 6, 8) to October 26, 2022, arguing that more time is needed to obtain Picozzi's medical records, and the

1

1  attorney assigned to the case recently returned from military service. (ECF
2  Nos. 17, 18, 19). The NDOC timely filed its responses on September 28, 2022.
3  (ECF Nos. 22, 23, 24). However the NDOC filed the exhibits to its responses the
4  next day, along with motions to seal four exhibits. (ECF Nos. 25–30, 32–37). The
5  NDOC has shown that good cause exists to extend the deadline to file its
6  responses and exhibits, so the Court will grant its motions for that relief nunc
7  pro tunc.

### B. ECF Nos. 26, 30, and 35

The NDOC moves to file Exhibits A, B, E, and F to its responses to the motions for a restraining order and injunctive relief under seal, arguing that compelling reasons exist to do so because the documents contain details about Picozzi's medical records that are confidential. (ECF Nos. 26, 30, 35). The Court has reviewed the documents and notes that they contain information about Picozzi's medications, surgery scheduling, and physician's treatment orders. The Court finds that Picozzi's privacy interest in these medical records is a compelling reason to seal them currently. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (explaining the good-cause and compelling-reason standards for sealing judicial records and documents); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (applying the compelling-reasons standard to exhibits to an injunctive-relief motion that is "more than tangentially related to the merits of [the] case"). The Court will therefore grant the NDOC's motions to seal Exhibits A, B, E, and F.

### C. ECF No. 12

Picozzi argues that he did not receive a copy of the FAC and the order setting the briefing schedule on his motions for a restraining order and injunctive relief until September 15, 2022, which is 15 days after the Court electronically sent them to HDSP's law library. (ECF No. 12). To address the delay, Picozzi asks

the Court to allow him to take discovery from a Defendant and a non-party witness, and to order Defendants to respond to his grievances.

Although concerning, the Court does not find that Picozzi was prejudiced by the delay receiving the FAC or scheduling order. The Court is not persuaded that Picozzi requires the expedited discovery he seeks. And Picozzi's request for an order requiring Defendants to respond to his grievances is flawed on several grounds, including because prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The Court will therefore deny Picozzi's motion at ECF No. 12 in its entirety.

### D. ECF Nos. 40, 41, and 42

Picozzi's reply in support of his motions for a restraining order and preliminary injunction (ECF Nos. 5, 6, 8) was due on October 5, 2022. Picozzi did not file any reply, but he has filed several motions arguing that he is not receiving court filings in a timely manner or at all. Picozzi argues that he never received a copy of his motion for leave to file the FAC or the Court's order granting that motion and screening the FAC. (ECF Nos. 40, 41, 42). Picozzi asks for a standing 10-day extension to respond to all filings and orders to account for any late or missing service. (ECF No. 41).

The Court does not find that Picozzi has been prejudiced by not receiving notice and a copy of his motion for leave to file the FAC. And it appears that Picozzi has received the Court's order screening the FAC because he recently filed a motion seeking to substitute unnamed prison staff for defendants in this action consistent with that order. (ECF No. 44). Nonetheless, the Court is concerned that Picozzi might not be receiving court filings in a timely manner or at all. The NDOC is reminded that when documents are filed electronically in prisoner cases under 42 U.S.C. 1983 like this one,

> NDOC staff will print the electronic transmission receipt, the hyperlinked order, and other documents filed by the Court. Receipt of copies of the receipt and hyperlinked documents by the prisoner constitutes service on the prisoner. If the prisoner refuses delivery or is no longer at a particular NDOC facility, NDOC staff must indicate the reason for non-delivery on the transmission receipt and email it to the Court.

Fifth Amended General Order 2012-01 at 2.

The Court will deny Picozzi's request for a standing 10-day extension to respond to any filing or order. But the Court will extend the deadline for Picozzi to file a reply in support of his motions for a restraining order and preliminary injunction (ECF Nos. 5, 6, 8). The Court will require the NDOC to provide Picozzi with courtesy copies of its responses to those motions and exhibits, including those filed under seal. And the Court will require the NDOC to file written notice stating when Picozzi was served with this order and the courtesy copies.

### E.   ECF Nos. 13, 14, 20, 21, 39, 44, and 45

Picozzi moves for leave to file a motion about imminent harm and retaliation. (ECF No. 45). The Court construes this as a motion for leave to file a motion for a preliminary injunction about his medical needs and retaliation that purportedly happened after the FAC. Picozzi filed five other motions that appear to seek the same relief about similar issues. (ECF Nos. 13, 14, 20, 21, 39). And Picozzi moves for leave to substitute the true names of unnamed prison staff who allegedly retaliated against him by interfering with his mail. (ECF No. 44).

This action is still in the screening stage. A mediation conference is scheduled for January 13, 2023. No defendant has been served with process. And in screening the FAC, the Court ordered that during the stay of this action, "no other pleadings or papers may be filed . . . and the parties may not engage in discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so." (ECF No. 9 at 23).

To expeditiously move through the remainder of the screening process, the inmate mediation program, and the motions for a restraining order and

preliminary injunction that Picozzi initially filed, the Court will deny Picozzi's other motions for relief without prejudice. If Picozzi wishes to file an amended or supplemental pleading, he must wait until the Court enters an order lifting the stay of this action. And Picozzi must not file additional motions that duplicate the relief he seeks in the motions at ECF Nos. 5, 6, 8.

## II. CONCLUSION

It is therefore ordered that the NDOC's motions to extend time to file its responses (ECF Nos. 17, 18, 19) are granted nunc pro tunc.

It is further ordered that the motions to file exhibits under seal (ECF Nos. 26, 30, 35) are granted. The Clerk of the Court is directed to maintain the seal on ECF Nos. 27, 32, and 36 until further order of the Court.

It is further ordered that Picozzi's motion for documents and discovery (ECF No. 12) is denied.

It is further ordered that Picozzi's motions for missing documents and to extend time (ECF Nos. 40, 41, 42) are granted in part and denied in part:

- The deadline for Picozzi to file a reply in support of his initial motions for a restraining order and injunctive relief (ECF Nos. 5, 6, 8) is extended to November 30, 2022;
- The NDOC must provide Picozzi courtesy copies of its responses to the motions at ECF Nos. 5, 6, and 8 and all its exhibits; and
- The NDOC must file written notice stating when Picozzi was served with a copy of this order and courtesy copies of the responses and exhibits.

It is further ordered that Picozzi's other motions for relief (ECF Nos. 13, 14, 20, 21, 39, 44, 45) are denied without prejudice.

DATED THIS 16th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5