UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Picozzi,<br><br>    Plaintiff,<br><br>v.<br><br>State of Nevada, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

This action commenced when Plaintiff filed his 42 U.S.C. § 1983 civil rights Complaint on June 27, 2022. ECF No. 1-1. Plaintiff filed a First Amended Complaint ("FAC") on August 31, 2022 following the Court's initial screening order. ECF Nos. 9, 10. The Court imposed a stay of the case and ordered the parties to mediate before a court-appointed mediator; the mediation conference is scheduled for January 13, 2023. ECF Nos. 9 at 23, 43.

The Court expressly stated that during the stay period "and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so." ECF No. 9 at 23. The only matter excepted from the stay was briefing Plaintiff's initial injunctive-relief motions. ECF No. 11. Recently, the Court denied a slew of Plaintiff's motions, directing that if Plaintiff "wishes to file an amended or supplemental pleading, he must wait until the Court enters an order lifting the stay of this action." ECF No. 46 at 5. Plaintiff has since filed several motions seeking discovery or relief for new acts of misconduct that fall outside the FAC. ECF Nos. 47, 48, 49, 53. For the reasons discussed below, the Court denies these motions and warns Plaintiff that his status as a *pro se* litigant does not permit him to disobey procedural rules or the Court's orders.

I.  **DISCUSSION**

   A.  **Plaintiff Cannot Seek Discovery At This Time.**

Plaintiff filed three motions seeking to conduct discovery. Specifically, Plaintiff seeks to subpoena a November 9, 2022 urine test (ECF No. 47), an order requiring the Nevada Department of Corrections ("NDOC") to preserve any video of the urine test (ECF No. 48), and subpoena five manilla envelopes that he tried to send to news sources. ECF No. 49. However, as stated above, this action is stayed to allow the parties "an opportunity to settle their dispute before the $350 filing fee is paid, an answer is filed, or the discovery process begins." ECF No. 9 at 23. Moreover, this action is still in the initial screening-and-mediation stage. No defendant is served with process. And, NDOC has appeared in this action only as an Interested Party for the purposes of mediation and responding to Plaintiff's initial injunctive-relief motions. ECF Nos. 15, 16. The Court finds that expedited discovery is meritless under these circumstances. The Court denies Plaintiff's motions to conduct discovery. If Plaintiff seeks to refile these motions, he must wait until the Court enters an order lifting the stay of this action.

   B.  **Plaintiff Cannot Seek Relief For Conduct That Falls Outside The FAC.**

Plaintiff also moves on an emergency basis for an order directing prison officials stop retaliating against him by denying him access to his attorney in his state habeas proceeding. ECF No. 53. Plaintiff argues that prison staff failed to call him out for his scheduled visit with his attorney on November 7, 2022. *Id.* This is an assertion of misconduct that is outside of the allegations in his FAC. The Ninth Circuit recognized in *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.* that although "new assertions of misconduct might support additional claims against a defendant," courts lack authority to grant relief when there is no relationship between the conduct alleged in the motion and the underlying complaint. 810 F.3d 631, 636 (9th Cir. 2015).

In sum, Plaintiff's Emergency Motion to Stop Retaliation by Denying Access to his Attorney (ECF No. 53) should be denied. This conduct is not merely a new assertion related to existing claims, but an entirely new theory of liability arising from a separate proceeding. Plaintiff must file a separate action if he wishes to allege denial of access to counsel in his habeas matter. *Windsor v. San Quentin State Prison*, Case No. C 10–0368 RS (PR), 2010 WL 2634953, at *1

2

(N.D. Cal. June 29, 2010) ("unrelated claims against different defendants must be alleged in separate complaints").

### C. Plaintiff Must Abide By The Court's Rules and Orders.

Plaintiff filed several motions seeking relief on issues that are not procedurally applicable to this lawsuit and violate the stay of this action. Plaintiff is cautioned that his *pro se* status does not entitle him to special treatment from the Court or parties, and he is required to abide by the Federal Rules of Civil Procedure; the Local Rules of Practice of the U.S. District Court, District of Nevada; and the orders of this Court. *See, e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (stating that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants"); *Carter v. C.I.R.*, 784 F.2d 1006, 1008–09 (9th Cir. 1986) (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming district court's dismissal of a pro se plaintiff's complaint for failing to comply with a court order).

## II. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motions to Conduct Discovery (ECF Nos. 47, 48, 49) are **DENIED** without prejudice. Plaintiff may, if he so chooses, bring discovery related motions after the stay of this matter is lifted.

## III. RECOMMENDATION

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Stop Retaliation by Denying Access to his Attorney (ECF No. 53) be **DENIED** with prejudice. Plaintiff may bring his claim regarding denial of access to counsel appointed in his habeas matter through a separate action if he so chooses.

DATED this 5th day of December, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).