UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTIONS<br><br>(ECF Nos. 53, 55, 57, 58) |

On December 5, 2022, Magistrate Judge Elayna J. Youchah entered a Report and Recommendation ("R&R") (ECF No. 58) proposing that the Court deny with prejudice Plaintiff Mark Picozzi's Emergency Motion to Stop Retaliation by Denying Access to his Attorney (ECF No. 53). The parties had until December 19, 2022, to object to the R&R. No objection has been filed. Picozzi, however, filed two motions seeking relief about different matters. (ECF Nos. 55, 57). The Court addresses each in turn.

I.　DISCUSSION

　　A.　**Report and Recommendation to deny motion (ECF Nos. 53, 58)**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* But if a party fails to timely object, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *accord United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made). Thus, if there is no objection

to a magistrate judge's recommendation, then the Court may accept the recommendation without review.

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt the R&R. The Magistrate Judge recommends denying Picozzi's motion because it seeks injunctive relief for new assertions of misconduct based on a new theory of liability that falls outside the corners of his Complaint. (ECF No. 58 at 2–3). Upon reviewing the R&R and underlying motion, this Court finds good cause to adopt the R&R in full.

### B.     Motions for relief (ECF Nos.  55, 57)

On November 16, 2022, the Court extended the deadline for Picozzi to file a reply in support of his motions for a temporary restraining order and injunctive relief to November 30, 2022. (ECF No. 46 at 5). Thereafter, Picozzi filed a document titled "Motion to Reply for TRO," arguing that the Court should enter an order prohibiting Defendants James Scally, Julie Williams, and A. Alvarez from interfering with his ability to file documents in this action by packing up his property when he is sent out for medical appointments. (ECF No. 55). The document is dated November 28, 2022, appears to have been processed by High Desert State Prison ("HDSP") on that date, and was mailed to the Court the next day. (*Id.* at 8). In the cover letter that accompanies the document Picozzi states, "I have a Court deadline of November 30, 2022[,] to file my Reply. Mailing this was my only way to get this to the Court." (ECF No. 55-1 at 1).

Picozzi also filed a document titled "'Priority Review' Motion Plaintiff is Being Denied Access to the Courts to File Documents and Meet Court Deadlines." (ECF No. 57). The document is dated December 5, 2022, and was electronically filed with the Court on that date. (*Id.* at 5). Picozzi argues that he had prepared two "responses with exhibits" for his TRO and was ready to have them electronically filed during his time in the law library on November 28, 2022, but his unit was the only one that wasn't called for their scheduled time. (*Id.* at 1–2).

1  Picozzi immediately filed an emergency grievance about the matter, and mailed
2  the documents to the Court. (*Id.* at 2). Picozzi seeks relief like asking the Court
3  to subpoena security video from November 28, 2022, showing that he was not
4  permitted to access the law library that day and filed an emergency grievance.
5  (*Id.* at 5).

6  Interested Party Nevada Department of Corrections did not file substantive
7  responses to either motion because they were filed in violation of the stay. (ECF
8  Nos. 60, 62). It appears that ECF No. 55 is Picozzi's reply in support of his
9  motions for a temporary restraining order and injunctive relief. The Court
10 construes ECF No. 57 as seeking, among other things, to reopen and enlarge the
11 deadline for Picozzi to file his reply brief by one day, making his reply at ECF
12 No. 55 timely. Because Picozzi dispatched his reply (ECF No. 55) to prison
13 officials for mailing on November 28, 2022, the Court considers the reply to be
14 timely and will consider the reply when it determines Picozzi's motions. *See*
15 *Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009) (discussing prison
16 mailbox rule).

## II.   CONCLUSION

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Elayna J. Youchah (ECF No. 58) is accepted and adopted in its entirety, and the Emergency Motion to Stop Retaliation (ECF No. 53) is denied with prejudice.

It is further ordered that the Motion to Reply for TRO (ECF No. 55) is construed as a timely filed reply in support of the motions for a temporary restraining order and injunctive relief (ECF Nos. 5, 6, 8), and the Court will consider the reply in determining those motions.

It is further ordered that the Motion for Priority Review (ECF No. 57) is construed as seeking to reopen and enlarge the deadline to file a reply in support

of the motions for a temporary restraining order and injunctive relief and denied as moot.

It is further ordered that the Motion to Reply for TRO and Motion for Priority Review (ECF Nos. 55, 57) are denied in all other respects.

DATED THIS 23rd day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE