UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>                              Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>                              Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>ORDER DISMISSING DEFENDANT STATE OF NEVADA |

Plaintiff Mark Picozzi includes the State of Nevada among the Defendants listed in the caption of the First Amended Complaint but not among the Defendants listed in the body of his pleading. (*See* ECF No. 10 at 1, 3–11). It is not clear if Picozzi intended to bring claims against the State of Nevada. But plaintiffs cannot pursue 42 U.S.C. § 1983 claims or state law claims against the State of Nevada because states are not persons for § 1983 purposes, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989), and the State of Nevada has not waived its Eleventh Amendment sovereign immunity. Nev. Rev. Stat. § 41.031(3). "The Eleventh Amendment's jurisdictional bar [also] covers suits naming state agencies and departments as defendants, and applies whether relief sought is legal or equitable in nature." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). And the supplemental jurisdiction statute "does not abrogate immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006).

It is therefore ordered that Defendant State of Nevada is dismissed with prejudice as amendment would be futile.

DATED THIS 27th day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE