UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>ORDER |

*Pro se* Plaintiff Mark Picozzi ("Picozzi"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and three motions for injunctive relief and a temporary restraining order. (ECF Nos. 5; 6; 8.) The Court denies his motions because they are not meritorious.

## I.     **Relevant background**

Picozzi's First Amended Complaint ("FAC") contains allegations related to failure to treat bleeding hemorrhoids and a back condition, failure of NDOC staff to process requests to the law library, mishandling of grievance forms, refusal to sell him a television, withholding of periodicals, opening of legal mail outside of his presence, and COVID-19 related lockdowns that prevented Picozzi from consulting with his habeas attorney and Catholic clergy. (ECF No. 10.)

After screening, this Court permitted various constitutional claims to proceed against Defendants. (ECF No. 9 at 21-22.) This Court allowed Picozzi's First Amendment retaliation allegations against Defendants James Scally, Julie Williams, Jennifer Nash, and Ronald Oliver for allegedly losing grievances or documents attached to grievances to survive. This Court allowed Picozzi's allegations of Eighth Amendment deliberate indifference to his hemorrhoid

condition survive against Defendants Dante Famy, Gregory Bryan, Gregory Martin, George Pele-Taino, Marie Cervanes, Jaymie Cabrera, Rio Manalang, Tonya Perry, Nick, Arrey, Hennequin, Francis Moka, Livingston, Torres, and J. Barth. This Court allowed Picozzi's allegations of Eighth Amendment deliberate indifference to his back condition survive against Defendants Famy, Bryan, Martin, Pele-Taino, Cervanes, Cabrera, Manalang, Perry, and Nick. This Court allowed Picozzi's allegations of Eighth Amendment deliberate indifference to unsanitary conditions survive against Defendants Famy, Bryan, Martin, Pele-Taino, Cervanes, Cabrera, Manalang, Perry, Nick, and Barth. This Court allowed Picozzi's allegations that Defendants Dean Ontiveros and A. Alvarez violated his Fourteenth Amendment due process rights during his disciplinary hearing to survive. This Court also allowed Picozzi's allegations that Defendants Graham, Mark, Nash, Danyele Sipes a.k.a. Danyele Madsen, William Kuloloia, Kristi Roberson, Barth, Ontiveros, and Pele-Taino violated his Fourteenth Amendment right to access the courts survive because requests to the law library for legal research, permission to attend the law library and to file documents with the Court were never processed and caused missed deadlines to survive.

Before the Court are two motions for preliminary injunctions (ECF Nos. 5; 6) and a motion for a temporary restraining Order (ECF No. 8). ECF Nos. 5 and 6 are identical. In ECF No. 5, Picozzi requests that the Court order injunctive relief ordering he receive medical access to serious medical needs, surgery on bleeding hemorrhoids, blood pressure checks, blood draws for diabetes, a blood count, and for Defendants to stop retaliation by denying him an opportunity to purchase a T.V. and fan. (ECF No. 5.) Picozzi's request for a restraining order asks that the Court order that Defendants stop denying him back pain and cardiac medications (presumably for blood pressure and to control his heartbeat) as well as suppositories, schedule surgery, sell Picozzi a fan and allow Picozzi to receive the fan as soon as possible, answer the emergency button, get Picozzi a "booster

shot", and follow surgeons' orders prior to surgery. (ECF No. 8.) Defendants have opposed the motions (ECF Nos. 22; 23; 24.) Picozzi replied. (ECF No. 55.)

Relevant to the pending motions is Picozzi's pleading regarding imminent harm. (ECF No. 45.) Picozzi explains that he went to St. Dominican Hospital for his hemorrhoid surgery, but it was not done due to cardiac issues. The provider suggested a cardiac catheterization be performed. (*Id.*)

## II. Legal Standard

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for obtaining a temporary restraining order and the legal standard for obtaining a preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), overruled on other grounds by *Winter*, 555 U.S. at 20. The Supreme Court clarified the standard for these forms of equitable relief in *Winter,* instructing that the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011)).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts clearly favor [his] position,

1  not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740
2  (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory
3  injunctions are "particularly disfavored" and "should not issue in doubtful cases."
4  *Id.* (internal quotations omitted). The Prison Litigation Reform Act ("PLRA")
5  similarly instructs that any restraining order or preliminary injunction granted
6  with respect to prison conditions "must be narrowly drawn, extend no further
7  than necessary to correct the harm the court finds requires preliminary relief,
8  and be the least intrusive means necessary to correct that harm." 18 U.S.C. §
9  3626(a)(2).

10  Finally, "there must be a relationship between the injury claimed in the
11  motion for injunctive relief and the conduct asserted in the underlying
12  complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631,
13  636 (9th Cir. 2015) ("Pacific Radiation"). "This requires a sufficient nexus between
14  the claims raised in a motion for injunctive relief and the claims in the underlying
15  complaint itself." *Id.* The necessary connection is satisfied "where the preliminary
16  injunction would grant 'relief of the same character as that which may be granted
17  finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)). "Absent
18  that relationship or nexus, the district court lacks authority to grant the relief
19  requested." *Id.*

20  **III.   Analysis**
21  The Court cannot grant injunctive relief with respect to Picozzi's requests that
22  this Court order that Defendants address serious medical needs, follow surgeons'
23  orders, and stop retaliating against him because the Court does not have the
24  authority to generally order Defendants to follow the law. (*See* ECF Nos. 22; 23;
25  24.) Granting such general injunctive relief runs afoul of the PLRA's instruction
26  that injunctive relief be narrowly tailored to the alleged harm. *See* 18 U.S.C. §
27  3626(a)(2).
28  The Court cannot order that Defendants provide Picozzi with hemorrhoid

4

surgery and tests related to the surgery because Picozzi's requests for those procedures are moot and unsupported by the record. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir. 2007) *quoting Village of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir. 1993). When injunctive relief is at issue, mootness is determined based upon the present circumstances. *Mitchell v. Dupnik,* 75 F.3d 517, 528 (9th Cir. 1996). It appears that Picozzi was scheduled for hemorrhoid surgery, but the surgery could not be performed because certain cardiac issues needed to first be resolved. (*See* ECF No. 24; 45.) Picozzi's request for blood pressure checks, blood draws for diabetes and blood counts appear to relate to the underlying hemorrhoid surgery request and are thus likewise moot. It is also not clear from the record that these exact tests have been prescribed and are needed to get Picozzi ready for surgery. Thus, Picozzi's requests are unsupported by the record. He has thus not demonstrated a likelihood of success, let alone that the law and facts clearly favor his position.

Picozzi's requests that Defendants stop denying him medications for heart, back, and hemorrhoid conditions are also unsupported by the record and too vague and generalized for the Court to order relief. It appears Picozzi has been prescribed and was given certain medications. It is not clear what other medications are at issue, when they were prescribed, who prescribed them, and what dosages were prescribed. Thus, Picozzi is unlikely to succeed on the merits and has not demonstrated that the law and facts clearly favor his position. *See Garcia,* 786 F.3d at 740.

With respect to Picozzi's request that staff respond to emergency call buttons, there is no allegation that this alleged misconduct is ongoing, so Picozzi has not carried his burden of demonstrating a real or immediate threat of

irreparable injury. *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000)("In the context of injunctive relief, the Plaintiff must demonstrate a real or immediate threat of an irreparable injury.").

With respect to Picozzi's request for injunctive relief pertaining to a COVID-19 booster, televisions, and fans, these claims did not survive screening. (*See* ECF No. 9.) Accordingly, this Court lacks the authority to grant Picozzi's requested relief. *See Pacific Radiation*, 810 F.3d at 636.[1]

### I.  Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's motions (ECF Nos. 5; 6; 8) are DENIED.

DATED THIS 2nd day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not need to reach all of the arguments raised by Defendants to resolve the pending motions.