UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01011-ART-EJY<br><br>**ORDER** |

This action commenced when Plaintiff filed his 42 U.S.C. Civil Rights Complaint on June 27, 2022. ECF No. 1-1. On August 31, 2022, the Court imposed a stay and ordered the parties to mediate with a court-appointed mediator. ECF Nos. 9, 43. Plaintiff filed three motions seeking various relief before the stay was lifted. ECF Nos. 66, 67, 71. Thereafter, mediation was unsuccessful and the Court lifted the stay of this case on February 3, 2023. ECF No. 72. The Court had repeatedly stated that during a stay the parties, including Plaintiff, was not permitted to file pleadings or papers or engage in discovery. ECF Nos. 9 at 23, 46 at 4. Because Plaintiff's Motions were all filed while this matter was stayed, the Motions are denied as filed in violation of the stay. In addition, the Court finds the pending Motions lack merit for the reasons stated below.

**I.     Discussion**

　　**A.     Motions to Stop Access to Courts (ECF Nos. 66, 67).**

In the Motions at ECF Nos. 66 and 67, Plaintiff argues he has access to the law library on Mondays, but has been denied this access since December 19, 2022 when he gave Law Library Coordinators Mses. Garcia and Flores 88 and 192 page documents to email as his mediation brief and exhibits thereto.[1] The 88 page document consisted of grievances Plaintiff purportedly submitted to prison officials from 2017 to 2022. ECF No. 67 at 2. Plaintiff has not received the original of the 88 page submission back from the law library. *Id.* In addition, the mediator told

---

[1] These motions appear identical except the later-filed motion (ECF No. 67) has exhibits while earlier motion (ECF No. 66) does not. The Court refers only to ECF No. 67.

Plaintiff he did not receive the 88 page document; yet, Defendant Associate Warden James Scally had these pages in hand when Plaintiff attended the mediation conference. *Id.*

Based on these points, Plaintiff asks the Court to (1) stop prison officials from denying him access to the law library, (2) require prison officials preserve video of his housing unit from 10:00 a.m. to 5:00 p.m. on January 23, 2023 that Plaintiff argues will show prison officials "retaliated" against him by threatening him with a "beating" if he did not take a cellmate, and (3) share the exhibits attached to his Motion with U.S. District Judges Du and Boulware. ECF No 67. Plaintiff's requests fail because the issues raised are not within the authority of the Court to Order. To the extent Plaintiff seeks a prospective injunctive order requiring High Desert State Prison officials to take affirmative steps, the Prison Litigation Reform Act curtails the Court's authority. Federal courts are prohibited from granting prospective injunctive relief where no federal right is established. 18 U.S.C. § 3626. Where a prison has violated a federal right, courts may intervene only after a finding that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001). Moreover, the Court has equitable power to grant relief only "on the merits of the case or controversy before it, and does not have the authority to issue an injunction based on claims not pled in the complaint." *LA Alliance of Human Rights v. Cnty. of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) (quoting *Pac. Radiation Oncology LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015)).

Plaintiff's request that the Court order prison officials to preserve video of his housing unit from 10:00 a.m. to 5:00 p.m. on January 23, 2023 is denied. The request requires the Court order prison officials to take steps relating to discovery that is not necessarily related to the case at bar and at a time when discovery has not commenced. In fact, the Court recently lifted the stay of this case giving the Nevada Attorney General's Office 21 days to file a notice identifying the Defendants on whose behalf it will accept service of process, if any. ECF No. 72. No Defendant has been served or appeared in this case, no scheduling order has issued, and discovery has not yet commenced. Plaintiff is reminded that a scheduling order and discovery plan will be entered in

this case after an answer is filed. ECF No. 9 at 23; *see also* General Order No. 2021-05 at 5–6 (stating that in pro se prisoner civil-rights cases like this one, the Court will enter a scheduling order and discovery plan that is "more disclosure-oriented and less discovery-oriented, based on the Court's experience that (1) defendants in prisoner lawsuits tend to hold a disproportionate share of the information and items relevant to a lawsuit; and (2) prisoners often propound discovery that is disproportionate to the needs of the case").

Plaintiff next asks the Court to share his filings in this case with other judges in other cases pending before the Court. This is not the duty of the Court and is inappropriate. If Plaintiff wants to file a document in more than one case he must put the appropriate case numbers on the document and either deliver it to the law library for filing or mail the document to the Clerk's office with instructions to file. Here, it appears the documents to which Plaintiff refers were already filed in *Picozzi v. State of Nevada*, Case No. 2:20-cv-00518-RFB-VCF. Plaintiff does not appear to have a case pending before Chief Judge Du. Plaintiff's request that this Court share his filings with Judges Du and Boulware is denied.

Finally, Plaintiff requests the Court order Defendants to provide him access to the law library. There is no established minimum requirement for satisfying constitutional right of state prisoners access to law libraries or legally trained personnel; focus is on whether individual plaintiff has been denied meaningful access. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). While Plaintiff appears to contend he has had no access to the law library for approximately two months, he provides no additional information regarding why this has occurred. Plaintiff must relate the failure to access the law library to a constitutional imposition on his access to the courts. *Id*. Plaintiff fails to do so. This request is denied.

**B.    Motion for Leave to File a Motion for a Temporary Restraining Order (ECF No. 71)**.

Plaintiff's third motion seeks permission to file a motion for a temporary restraining order ("TRO") requiring Defendants to provide him access to the law library and allow legal visits from his attorney in his state court habeas case. Plaintiff does not need permission from the Court before he files a motion. However, Plaintiff is reminded that (1) what he presents to the Court must

establish a violation of the Constitution or federal law that is related to a claim pending in the case in which he is filing, and (2) he has to comply with all rules applicable to all litigants. To this end, in order to obtain a restraining order a party to litigation must meet the requirements of Federal Rule of Civil Procedure 65. That Rule states: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant [or his] attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff's current Motion does not establish he has or can meet this standard. Nonetheless, Plaintiff is not precluded from filing a TRO if he chooses to do so.

Finally, the Court advises Plaintiff it has no authority to order parties, counsel or anyone other than those individuals involved in the instant case to act or refrain from acting in any manner. For this reason, the Court denies Plaintiff's request to allow legal visits from his attorney in his state court habeas case.

## II.     Order

Accordingly, **IT IS HEREBY ORDERED** that the Motions to Stop Denying Access to the Court and for Leave to File a Motion for a Temporary Restraining Order (ECF Nos. 66, 67, 71) are **DENIED**.

Dated this 10th day of February. 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE