**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARK PICOZZI, | Case No. 2:22-cv-01011-ART-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, *et al.* | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion regarding Lost Documents and Retaliation. ECF No. 80. Defendants Opposition is filed at ECF No. 85.

**I.    Background**

Plaintiff's Motion asserts that 88 pages of documents were given to the law library at High Desert State Prison ("HDSP") in preparation for a mediation that occurred on January 13, 2023. ECF No. 80 at 1. Plaintiff says these pages included various grievances and inmate forms for the period of time measured from 2017 through 2022. *Id*. Plaintiff says the mediator never received the documents and, instead, the HDSP Associate Warden had them in his possession at the mediation. Plaintiff says the documents were not returned to him. *Id*. Plaintiff attaches an Inmate Request Form dated February 7, 2023, hand delivered to the law library supervisor, in which Plaintiff states he did not receive back the 88 pages of documents delivered to the law library in preparation for the mediation. *Id*. at 5. The response on the form states Plaintiff must resubmit his inquiry on a form labeled DOC-544, and the form must include the signature of Plaintiff's Case Worker. *Id*. Plaintiff does not attach a copy of DOC-544 to his Motion. Plaintiff says HDSP staff are trying to "sabotage" his case by stealing documents. *Id*. at 2.

Plaintiff's Motion also alleges retaliation by HDSP by "starving" him and others in his unit by giving them "pinky" portions of food. Plaintiff says the "staff" is aware of this problem, but refuses to call Culinary Staff telling the inmates in Plaintiff's unit the lack of adequate food is Plaintiff's fault. *Id*. at 2-3. Plaintiff also says urine, spit, and chemicals are being put in his food

(and food of other inmates). *Id*. at 3. Plaintiff says he is circulating a petition, obtaining more than 600 signatures, regarding the inedible food. Plaintiff does not seek any specific relief regarding this claim, but says his food concerns have been raised with the Court for months. *Id*.

Defendants respond that Plaintiff's Motion must be denied because Plaintiff must grieve and exhaust administrative remedies outlined in Administrative Regulation 740 ("AR 740") before Plaintiff can seek relief through the Court. ECF No. 84 at 1-2. Defendants say AR 740 expressly covers the issues Plaintiff complains of, and his failure to exhaust all available administrative remedies before filing his Motion is a violation of the Prison Litigation Reform Act ("PLRA"). *Id*. at 2. Defendants further argue that Plaintiff's complaints are not relevant to the claims in the instant lawsuit and, therefore, the Court lacks the authority to issue the relief Plaintiff seeks. *Id*.

## II. Discussion

Plaintiff's Amended Complaint was screened by the Court on August 31, 2022 (ECF No. 9). The screening order identifies four claims raised by Plaintiff that were allowed to proceed. These include: (1) First Amendment Retaliation arising from grievances about being denied toilet paper and a lawsuit about medical care he received; (2) Eighth Amendment Deliberate Indifference to Serious Medical Needs; (3) Eighth Amendment to unsanitary prison conditions; and (4) Fourteenth Amendment Due Process violation. *Id*.

Having reviewed the Court's screening order, the Court cannot agree with Defendants that the 88 pages of grievance and other documents Plaintiff seeks returned to him have no relevance to and are unrelated to the case Plaintiff brings against HDSP staff. Indeed, it appears those grievances and other documents are directly related to the Eighth Amendment claims Plaintiff brings, as well as to the Court ordered early mediation attempted in this case. It is unclear to the Court why the documents would not have been returned to Plaintiff after they were scanned for purposes of use at mediation. In any event, it appears Plaintiff is no longer in possession of those documents and the return of his documents is the only relief Plaintiff seeks. ECF No. 80 at 3.

The Court finds that Plaintiff's allegations regarding the retaliation through inadequate portion sizes provided to him (and his unit-mates) is also related to his current lawsuit. Indeed, Plaintiff says the inadequate food portions are retaliation for bringing his claims to Court. In

contrast, the Court finds the issue with respect to the alleged tainting of food appears to be unrelated to the subject matters raised in Plaintiff's Amended Complaint.

"The Prison Litigation Reform Act [("PLRA")] requires … a prisoner [to] exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 n.4 (2002)). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA's "exhaustion requirement is mandatory." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *accord Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Here, and despite the simplicity of Plaintiff's request seeking return of documents he gave the HDSP law library in preparation for the court ordered mediation, it is true that Plaintiff does not appear to have exhausted his administrative remedies regarding this issue. Plaintiff also has not exhausted his claim alleging the "pinky" sized quantity of food he is served is in retaliation for bringing this lawsuit. The administrative exhaustion of these claims is mandatory. The Court cannot intervene until Plaintiff's exhaustion requirement is met.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Return of Documents (ECF No. 80) is DENIED without prejudice. Plaintiff must exhaust his administrative remedies regarding the return of his documents before he can bring this issue to the Court.[1]

---

[1] Of course, this issue could be mooted by a return of the documents which would prevent further motion practice on this issue.

3

IT IS FURTHER ORDERED that to the extent Plaintiff's Motion seeks to raise a retaliation claim (ECF No. 80), the Motion is DENIED without prejudice for failure to exhaust his administrative remedies. Plaintiff may raise this issue with the Court again after his exhaustion requirement is met.

DATED this 29th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE