UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI,<br><br>　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Obtain Leave to Substitute Mailroom Defendants and Mr. Jacques Graham (ECF No. 87) to which Defendants responded. ECF No. 100.

**I.　DISCUSSION**

　　A.　<u>Plaintiff's Motion</u>.

Plaintiff's Motion directs a litany of requests to the Court. Plaintiff asks the Court to enter an order substituting in eight individuals for Doe Defendants named in Plaintiff's Complaint. ECF No. 87 at 1-2. Plaintiff asserts these individuals are the High Desert State Prison ("HDSP") employees who work in the prison mailroom and who have violated—and are allegedly still violating—Plaintiff's rights to receive mail. *Id.* Plaintiff reminds the Court that the Screening Order (ECF No. 9) permits this substitution. *Id.* at 1.

Plaintiff next accuses HDSP staff of interfering with his receipt and submission of documents relating to a case he is prosecuting in Nevada state court. *Id.* at 3. Plaintiff contends Judge Ellie Roohani has not responded to Plaintiff's letters concerning this problem. *Id.* Plaintiff insists the Court order the HDSP staff to set up a teleconference with Judge Roohani in order to alert the judge to the ongoing interference with Plaintiff's mail relating to his state court action. *Id.* at 4.

Plaintiff also asks the Court to: (1) issue a subpoena to HDSP for Plaintiff to obtain video footage from a unit in the prison for the week of October 24, 2022 through November 1, 2022, during the hours of 9:00 p.m. to 5:00 a.m.; (2) order HDSP employees to stop allegedly tampering with Plaintiff's mail; (3) commence an investigation, conducted by the Federal Bureau of Investigation

("FBI"), United States Attorney's Office, and Department of Justice into the alleged tampering with and theft of Plaintiff's mail at HDSP; and (4) order a federal grand jury be empaneled to return a criminal indictment of the HDSP staff as a result of the tampering with and theft of Plaintiff's mail, which are violations of his constitutional rights. *Id.* at 3-5.

        B.    <u>Plaintiff's Substitution Request is Granted. The Attorney General Must Research The Full Names Of Those Substituted And Determine Whether It Will Accept Service On Behalf Of These Defendants.</u>

A review of the history of this case reveals that on August 31, 2022, the Court entered a Screening Order permitting Plaintiff's First Amendment Retaliation claims against the unnamed prison staff who allegedly interfered with Plaintiff's mail to proceed. The Court's Order also permitted Plaintiff to substitute the true names for "Doe" Defendants once he learned the applicable names. ECF No. 9 at 21. Plaintiff filed a previous Motion for Leave to Substitute the Mailroom Defendants, but the case was stayed leading to a denial of Plaintiff's Motion without prejudice. ECF No. 46 at 5. On March 14, 2023, the Court issued an Order in response to Plaintiff's Motion for Clarification granting Plaintiff the option to refile his motion seeking to substitute names for the Mailroom Doe Defendants. ECF No. 81. On March 29, 2023, Plaintiff filed the instant Motion. ECF No. 87.

Plaintiff alleges that the following are the true names of those who are tampering with his mail: Senior Correctional Officer Javier Garcia; Sergeant M. Val; Correctional Officer Valle; Correctional Officer Saintpraux, Correctional Officer Morin, Correctional Officer Arajau, Correctional Officer "Black African Female (Mailroom Property/ID)"; and Correctional Assistant Lowery. ECF No. 87 at 1-2. Only one of the eight names provided includes a first and last name. Below, the Court orders the Deputy Attorney General to research the incomplete names, identify full names, if any, discovered, and file a notice stating those for whom service will be accepted and providing last known addresses for those for whom service is not accepted.

Plaintiff also identifies Jacques Graham, a former HDSP Law Library Supervisor, who allegedly participated in withholding numerous grievances, inmate request forms, and legal documents from Plaintiff. *Id.* at 6. Plaintiff requests the Court order the Attorney General's Office

to accept service on Graham's behalf. *Id.* at 6-7.[1] Given the identification of Defendant Graham as Jacques Graham, as well as his title at HDSP, the Court Orders the Attorney General to determine whether service is accepted on Mr. Graham's behalf.

C. The Remainder of Plaintiff's Requests Are Denied.

1. *Request for Teleconference with Judge Roohani*.

Plaintiff's challenge of ongoing state court proceedings must be done in that court. Principles of comity and federalism (under *Younger v. Harris*, 401 U.S. 37 (1971)) require the Court to abstain from taking action. Under *Younger*, federal courts will generally abstain from granting any relief that would interfere with pending state judicial proceedings. For this reason, the Court declines to order a teleconference between Plaintiff and Judge Roohani. While the Court takes seriously any allegation that an individual is being deprived access to his rights to engage in the legal system, this Court does not have the authority to intervene in the development of a case in state court. The Court denies Plaintiff's request for a teleconference with Judge Roohani with prejudice.

2. *Request for Video Footage*.

Plaintiff's request for video footage from HDSP is a discovery request that is premature and directed to the wrong entity. A Scheduling Order was entered in this case on April 12, 2023. ECF No. 102. As stated therein, Plaintiff must direct discovery requests to Defendants, once any have been served. Plaintiff must also direct the request to preserve evidence, such as videos, to Defendants' counsel. The Court denies Plaintiff's request for video footage without prejudice.

3. *Request for a Change in Policy*.

Plaintiff appears to request a change in HDSP's policies and procedures for screening incoming mail. This request is denied. Prisons are permitted to screen incoming mail in order to safeguard the security of those living and working at the facility. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (holding that a prison policy allowing prison employees to read incoming and outgoing regular (non-legal) mail was lawful even if the practice had a chilling effect on prisoners' right to petition the government for redress of grievances because the procedure was

---

[1] *See* ECF No. 82 at 2-3 in which the Court ordered the Attorney General to identity an individual named "Graham" so that service could either be accepted and, if not, at least attempted on this individual.

reasonably related to legitimate penological interests in preventing criminal activity and maintaining prison security).

With respect to Plaintiff's allegations that HDSP is tampering with his mail, the Court declines to consider this request in the present Motion. If Plaintiff believes there is a basis for a preliminary injunction, he must file a separate motion demonstrating "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (internal citations omitted). The Court denies Plaintiff's request without prejudice.

### 4. *Request for an FBI Investigation.*

It is outside the scope of a federal court's authority to order agencies within the executive branch to commence criminal investigations. *See Miller v. Kernan*, Case No. 2:16-cv-2534 AC P, 2019 WL 2613519, at *5 (E.D. Cal. Jun. 26, 2019) ("Plaintiff's request for the court to order the FBI to investigate is also inappropriate since the court does not direct FBI investigations."); *see also Thibeault v. Brown*, C.A. No. 12–10333–PBS, 2013 WL 120123, at *6 (D. Mass. Jan. 8, 2013) ("To the extent plaintiff seeks an F.B.I. investigation, such request must be denied because federal courts are not authorized to conduct or compel criminal investigations. Under the Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted."). Thus, the Court denies with prejudice Plaintiff's request for a federal investigation into his claims.

### 5. *Request for the Empaneling of a Grand Jury.*

The Executive Branch, not the Judicial Branch, makes the decision to empanel grand juries to explore potential criminal indictments. *Stephens v. Oregon Driver & Motor Vehicle Services Div.*, Case No. 03:15–cv–00709–HZ, 2015 WL 2198510, at *2 (D. Or. May 9, 2015), *citing Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in … [the prosecutor's] discretion."). For this reason, the Court denies with prejudice Plaintiff's request for the empaneling of a grand jury to issue criminal indictments relating to Plaintiff's claims.

4

## II. ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Obtain Leave to Substitute Mailroom Defendants and Mr. Jacques Graham (ECF No. 87) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that within 21 days of the date of entry of this Order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants it has identified; (b) the names of those identified for whom it accepts service; (c) the names of those identified for whom it does not accept service, and (d) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office must file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

IT IS FURTHER ORDERED that if service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).

IT IS FURTHER ORDERED that if the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the Complaint no later than 60 days from the date of this Order.

IT IS FURTHER ORDERED that service of the Complaint for those Defendants not represented by the Attorney General must be accomplished within **90 days** of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court

may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS FURTHER ORDERED that the following requests made by Plaintiff are DENIED with prejudice:

    1.    Request for Teleconference with Judge Roohani;

    2.    Request for an FBI Investigation; and

    3.    Request for the Empaneling of a Grand Jury.

IT IS FURTHER ORDERED that the following requests made by Plaintiff are DENIED without prejudice:

    1.    Request for Video Footage; and

    2.    Request for Relief Regarding Alleged Ongoing Mail Tampering.

DATED this 17th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE