# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI, | Case No. 2:22-cv-01011-ART-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.* | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Order for Plaintiff to Receive Documents Filed Under Seal (ECF No. 112) and Reply. ECF No. 124. In his Motion, Plaintiff contends the documents the Court ordered the Deputy Attorney General to file under seal (an order entered to protect Plaintiff's privacy) include documents Plaintiff did not receive. That is, the Court's Order requiring the sealed filing of Plaintiff's medical records simultaneously ordered these medical records be provided to Plaintiff and Plaintiff be allowed to maintain the records in his cell. Plaintiff admits he received "a copy of his [m]edical records" the Court ordered, but contends numerous records are missing. Plaintiff cites other cases he filed in this Court in which his medical records were at issue suggesting this demonstrates he is missing records the Court ordered be provided to him in the instant case. Plaintiff raises issues with grievances he has filed and the time it allegedly took to receive responses. Plaintiff also raises a number of additional issues that are the subject of still pending grievances.

The Court is not an extension of Plaintiff or Defendants in this case. Every dispute that arises between them while Plaintiff is incarcerated is not properly brought to the Court through the case at bar. Instead, the Court is limited by the Prison Litigation Reform Act. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules …." *Hudson v. Brian*, Case No. 1:08-cv-00249 AWI JLT, 2010 WL 3786878, (E. D. Cal. Sept. 27, 2010) (internal citation omitted). Further, there is a process for amending a complaint to add new claims to an existing case. That process is established in Federal

Rule of Civil Procedure 15 and United States District Court for the District of Nevada Local Rule 15-1.

Pro se complaints must be held to less stringent standards than formal pleadings drafted by lawyers and should be liberally construed. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure; they cannot circumvent the need to amend complaints simply by alleging something new in a motion. *See Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017). Plaintiff is cautioned that the amendment process is not endless. Plaintiff cannot, throughout proceedings in a single case, routinely or continuously add claims. The principles of Rule 1 of the Federal Rules of Civil Procedure and fundamental fairness preclude such practice.

In order to prevent lengthy and unnecessary additional motion practice based on Plaintiff's above titled filing, IT IS HEREBY ORDERED that Defendants **must** respond to Plaintiff's instant Motion only insofar as it relates to the Court's Order requiring delivery of medical records to Plaintiff and whether, in fact, everything was provided to the Court under seal was also provided to Plaintiff. Defendants **must** also state whether any records ordered by the Court to be filed and delivered to Plaintiff were withheld. Defendants **must** provide this response to the Court no later than **May 22, 2023**. Defendants are to copy Plaintiff on the response.

IT IS FURTHER ORDERED that except as stated herein, Plaintiff's Motion for Order for Plaintiff to Receive Documents Filed Under Seal (ECF No. 124) is DENIED.

DATED this 11th day of May, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE