UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, *et al.*<br><br>    Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Tell the Court Defendants are Hiding Graham. ECF No. 127. On May 26, 2023, the Attorney General's Office filed a Response. ECF No. 131. On May 26, 2023, the U.S. Marshals Service filed a Process Receipt and Return regarding attempted service on Jacques Graham. ECF No. 130. On June 5, 2023, the Court received Plaintiff's Reply that was untimely, but considered by the Court. ECF No. 133.

## I.   PARTIES' PLEADINGS

In his Motion Plaintiff states that while reviewing discovery produced by Defendants he noticed a blue sticky note on one of the documents. ECF No. 127 at 1. The note states: "Call Graham tell him not to answer cell or house he is being served. if he gets served we are all screwed." *Id*. at 3. Plaintiff accuses Defendants of attempting to obstruct these proceedings and of conspiring to prevent Mr. Graham from being served because Defendants purportedly know "Mr. Graham is devastating to this case." *Id.* at 1. Plaintiff says, if necessary, he will have Mr. Graham served personally and that "they will not like the people … [he] will send to have … [Mr. Graham] served." *Id.* at 2.

In Defendants Response to Plaintiff's Motion, the Deputy Attorney General denies any lawyer working on behalf of Defendants seeks to prevent Mr. Graham from being served. ECF No. 131 at 2. Defendants describe the procedural steps taken in an attempt to serve Mr. Graham, including the filing under seal of Mr. Graham's last known address. *Id. citing* ECF No. 109. The Attorney General's Office, in compliance with standard policy, did not accept service on behalf of

Mr. Graham because Mr. Graham is no longer an employee of the Nevada Department of Corrections. *Id.* The Deputy Attorney General states she personally reviewed all discovery sent to Plaintiff and there were no blue sticky note anywhere on the documents disclosed. *Id.* Defendants conclude the blue sticky note could not have originated in the Attorney General's Office. *Id.* Defendants state there is no evidence provided by Plaintiff concerning the origin of the sticky note. *Id.* at 3.

Defendants also express concern about Plaintiff's statement that Defendants "will not like the people [Plaintiff] will send to have … [Mr. Graham] served." *Id.* Defendants request the Court admonish Plaintiff regarding his statement. *Id.* Defendants conclude that no lawyer working in the Attorney General's Office would violate their oaths to the United States and to the State of Nevada by intentionally hiding a defendant in this or any case before the Court. *Id.* Defendants request the Court deny Plaintiff's Motion and instruct Plaintiff to refrain from making unsubstantiated allegations in the future. *Id.* at 4.

In his Reply Plaintiff states he does not believe the Deputy Attorney General is responsible for the sticky note; rather, he asserts someone within High Desert State Prison ("HDSP") either placed or accidentally dropped the note into an envelope of discovery material mailed to Plaintiff by the Attorney General's Office on May 24, 2023. ECF No. 133 at 1. Plaintiff contends the envelope was opened and resealed by someone at HDSP after it was received from the Deputy Attorney General and prior to Plaintiff's receipt. *Id.* Plaintiff claims the sticky note was attached to a memo by HDSP staff concerning a visit by Plaintiff's state court counsel to see Plaintiff at the prison. *Id.* Plaintiff argues the note is the latest in a series of examples of HDSP staff acting inappropriately towards him and other inmates. *Id.* at 2. Plaintiff says he is not lying about the presence of the sticky note, and he requests an investigation be conducted into who wrote the note, the contents of the note, and how it wound up in the possession of Plaintiff. *Id.* at 3-4.

**II.    DISCUSSION**

After review of Plaintiff's Motion and exhibit the Court finds there is nothing to support the conclusion that anyone in the Attorney General's Office wrote or placed the note on any document produced to Plaintiff or that there is any basis to find the Attorney General's Office wanted to prevent

Mr. Graham from being served in this case. There is no reason for the Court to doubt the declaration under penalty of perjury provided by the Deputy Attorney General. Finding the note did not come from the Attorney General's Office, and with no evidence that anyone at HDSP placed the note in the package delivered to Plaintiff the Court declines to reach the conclusion Plaintiff seeks. Without suggesting the note is authentic, it defies logic that someone at HDSP would write this note and then place it in a package delivered to Plaintiff as the note could be grounds for highly serious Court-imposed sanctions.

Separately, the Court expresses concern about the language Plaintiff used regarding his potential service of Mr. Graham as the word choice sounded like a potential threat, which is unacceptable and will not be tolerated.

Finally, Plaintiff should be in possession of the Process Receipt and Return completed by the United States Marshals Service, which shows the unsuccessful attempted service on Mr. Graham at his last known address. ECF No. 130 at 1. The return of service demonstrates Mr. Graham no longer lives at the address filed under seal. *Id.* Plaintiff is granted thirty (30) days from the date of this Order to provide the Court with any additional information he may have that would allow effective service on Mr. Graham. The Attorney General's Office is likewise required to make an appropriate inquiry to determine if a more recent address is available for Mr. Graham.

### III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Tell the Court Defendants are Hiding Graham (ECF No. 127) is DENIED.

IT IS FURTHER ORDERED that Plaintiff has through and including July 6, 2023 to provide the Court with any additional information he may have regarding a more current address for Jacques Graham.

IT IS FURTHER ORDERED that the Deputy Attorney General will make appropriate inquiries in an attempt to find a current address for Mr. Graham. The Deputy Attorney General must file a status report no later than July 6, 2023 identifying a new address for Mr. Graham if one is

located or, if none can be found, explaining what efforts were made to locate such an address. Any address located for Mr. Graham must be filed under seal.

DATED this 6th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE