1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARK PICOZZI,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

Case No. 2:22-cv-01011-ART-EJY

ORDER

*Pro se* Plaintiff Mark Picozzi ("Picozzi"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a civil-rights complaint under 42 U.S.C. § 1983 against multiple defendants. Before the Court are a Motion for a Preliminary Injunction and a Motion for a Temporary Restraining Order. (ECF Nos. 145; 146.) For the reasons below, the Court denies both motions.

## I.     Relevant Background

Plaintiff alleges various civil rights violations against Defendants. In his Amended Complaint, Plaintiff accuses Defendants of denying him access to medical treatment for hemorrhoids and a back condition, failing to process requests to the law library, retaliating against him for submitting grievances, refusing to let him have a television, withholding mail, and denying him Tier Time during Covid-19 related lockdowns. (ECF No. 10.)

In his   Motion for Preliminary Injunction and Motion for a Temporary Restraining Order (ECF Nos. 145; 146), which are identical, Picozzi urges the Court to order preliminary injunctive relief and a temporary restraining order requiring Defendants to 1) "[s]top stealing Plaintiff's money"; 2) "[s]top prohibiting Plaintiff from contacting facilities that do Depositions by not mailing out his

letters to them or giving him responses from these facilities"; 3) respond to his Inmate Request Forms; and 4) sit for depositions (ECF No. 145 at 1-3.) Defendants have opposed the motions (ECF No. 147.) Picozzi replied. (ECF No. 149.)

## II.    Legal Standard

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standards for obtaining a temporary restraining order and sa preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), overruled on other grounds by *Winter*, 555 U.S. at 20. As the Supreme Court clarified in *Winter,* to obtain equitable relief, a plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Plaintiff must also show a sufficient nexus between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015)).

Because Picozzi seeks mandatory injunctive relief that goes beyond simply maintaining the status quo during litigation, he bears a "doubly demanding" burden: "[he] must establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740

(9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). The Prison Litigation Reform Act ("PLRA") similarly instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

### III.        Analysis

Picozzi seeks mandatory injunctive relief in that he requests an order from this Court compelling prison officials to return money to his account, sit for depositions, and respond to forms. The deposit claim is moot and Picozzi fails to show that he is clearly entitled to relief on the other claims.

Because Picozzi concedes that his IRS stimulus check was deposited into his account, his request to return funds and related request to respond to forms are moot. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir. 2007) *quoting Village of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir. 1993). When injunctive relief is at issue, mootness is determined based upon the present circumstances. *Mitchell v. Dupnik,* 75 F.3d 517, 528 (9th Cir. 1996). Although Picozzi alleged that Defendants refused to deposit his stimulus check (ECF No. 145 at 1-2), he concedes in his reply that the funds appeared in his account on July 18, 2023, (ECF No. 155 at 3). This also moots Picozzi's request compelling action on Inmate Request Forms pertaining to the deposit. (ECF No. 145 at 3.)

Picozzi has failed to show that he is clearly entitled to relief on the remaining claims regarding depositions. Defendants state that they "are more

than happy to do depositions" but "they cannot accommodate having multiple officers and other staff members out of work on the same day for depositions." (ECF No. 147 at 3.) Picozzi agreed to start with deposing the Wardens and Associate Wardens. (*Id.*) Thus, the record does not support the assertion that Defendants refuse to sit for depositions. Plaintiff's claim that Defendants are interfering with him contacting facilities to conduct the depositions is unsupported by the record. Associate Warden Scally conducted an investigation into these allegations and found "that there has been no interference with Picozzi's incoming nor outgoing mail." (*Id.* at 4.) The Court finds that the allegations do not entitle Plaintiff to relief.

## I.   Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's motions (ECF Nos. 145; 146) are DENIED.

DATED THIS 30th day of August 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE