UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>ORDER |

*Pro se* Plaintiff Mark Picozzi ("Picozzi"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 against multiple defendants. Before the Court are 1) a Motion for a Hearing with all Judges Present (ECF No. 200); a Motion for Order to Show Cause for a Preliminary Injunction & TRO (ECF No. 202); a Motion to Strike ECF No. 202 (ECF No. 206); a Motion for a Hearing (ECF No. 207); a Motion to Strike ECF No. 207 (ECF No. 208); an Emergency Motion for a TRO (ECF No. 214); an Emergency Motion for an Injunction (ECF No. 215); an Appeal of a Magistrate Order Denying Plaintiff's Motion to Serious Medical Issues (ECF No. 236); and a Motion for Leave to File Documents Regarding Defendants' Response to ECF No. 236 (ECF No. 240).

**I.　　Relevant Background**

　　Plaintiff alleges various civil rights violations against Defendants. In his Amended Complaint, Plaintiff accuses Defendants of denying him access to medical treatment for hemorrhoids and a back condition, failing to process requests to the law library, retaliating against him for submitting grievances, refusing to let him have a TV, withholding mail, and denying him Tier Time during Covid-19 related lockdowns. (ECF No. 10.)

///

## II. Legal Standard

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for obtaining a temporary restraining order and the legal standard for obtaining a preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), overruled on other grounds by *Winter*, 555 U.S. at 20. The Supreme Court clarified the standard for these forms of equitable relief in *Winter,* instructing that the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). The Prison Litigation Reform Act ("PLRA") similarly instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further

than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("Pacific Radiation"). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims in the underlying complaint itself." *Id.* The necessary connection is satisfied "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### III.  Analysis

#### a. Motion for In-Person Hearing with all 4 Judges Present (ECF No. 200)

The Court will deny Plaintiff's Motion for an In-Person Hearing (ECF No. 200). In his motion, Plaintiff requests an in person hearing with multiple prison officials regarding his allegations that the prison is tampering with his mail. (*Id.* at 1-2.) He also asks that the Court subpoena multiple phone calls between him and the Nevada Attorney General's Office. (*Id.* at 1.) Plaintiff fails to provide any authority for holding this hearing. Furthermore, the Court already overruled Plaintiff's objection to Judge Youchah's order denying his motion to stop retaliation regarding the mail tampering. (ECF No. 204 at 3-4.) For these reasons, the Court denies ECF No. 200.

#### b. Motion for Order to Show Cause for a Preliminary Injunction & TRO (ECF No. 202) and Motion to Strike ECF No. 202 (ECF No. 206)

Plaintiff also filed a Motion for an Order to Show Cause for a Preliminary Injunction & TRO. (ECF No. 202.) Plaintiff asks the Court to order Associate

1  Warden Julie Williams to appear at Plaintiff's disciplinary hearing, require
2  Defendants to produce taped phone calls between him and the Attorney General's
3  Office, and dismiss his disciplinary charge. (*Id.* at 1-2.) Defendants filed a Motion
4  to Strike ECF No. 202. (ECF No. 206.) Defendants argue that the Court should
5  strike the motion. (*Id.* at 2-3.)

6  The Court will grant Defendants' Motion to Strike. A court may "strike from
7  a pleading an insufficient defense or any redundant, immaterial, impertinent, or
8  scandalous matter. FED. R. CIV. P. 12(f). Plaintiff's motion is immaterial and
9  impertinent because it asks this Court to micromanage prison matters beyond
10 the scope of its authority. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1454 (9th
11 Cir. 1993) (quoting *Bruscino v. Carlson*, 854 F.2d 162, 164-65 (7th Cir. 1998),
12 cert. denied, 491 U.S. 907 (1989)) (emphasizing the need to evaluate prison
13 conditions against "the limited competence of federal judges to micromanage
14 prisons"). Even if the Court were to consider Plaintiff's motion on its merits, he
15 would not succeed because, among other things, the issues he raises in this
16 motion have no substantive nexus to the relief requested in his complaint. *See*
17 *Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th
18 Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220
19 (1945)) (concluding that the district court did not abuse its discretion when it
20 denied a preliminary injunction because it did not "grant[] relief of the same
21 nature as that to be finally granted"). Thus, the Court grants the motion to strike.

22                    c.  Motion for Hearing (ECF No. 207) and Motion to Strike ECF No. 207
23                        (ECF No. 208)

24 The Court will also grant Defendants' Motion (ECF No. 208) to Strike
25 Plaintiff's Motion for a Hearing (ECF No. 207.) Plaintiff discusses proceedings in
26 a different case and requests a hearing to discuss his medical status. (*Id.* at 2-4.)
27 Defendants argue that the Court should strike the motion because Plaintiff
28 provides no legal argument and discusses unrelated matters in another case.

(ECF No. 208 at 2-3.) The Court will grant the motion to strike because the other case proceedings are not relevant to the present case and Plaintiff provides no authority for holding a hearing.

> d. Emergency Motion for TRO and Emergency Motion for Injunction (ECF Nos. 214 and 215)

The Court next considers Plaintiff's Emergency Motion for TRO and Emergency Motion for Injunction. (ECF Nos. 214, 215.)[1] Plaintiff alleges that High Desert State Prison (HDSP) is retaliating against him by not giving him his medications and moving him to a new cell without water and working lights despite knowing he is not supposed to do any heavy lifting. (ECF No. 214 at 1-4.)

The Court will deny these motions because the issues Plaintiff raises have no substantive nexus to the relief requested in his complaint. *See Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)) (concluding that the district court did not abuse its discretion when it denied a preliminary injunction because it did not "grant[] relief of the same nature as that to be finally granted"). In his complaint, Plaintiff raised numerous issues with his medical care, including not receiving hemorrhoid surgery, back surgery, or follow-up care for his right eye. (ECF No. 10 at 15.) He also complained about his transfer to NNCC, during which his feet were shackled and he had belly chains to both wrists. (*Id.* at 15-16.) Plaintiff also alleged that he received disciplinary charges for refusing to move in with a cell mate despite his bleeding hemorrhoids causing fights with cellmates and that prison officials refused to provide medical assistance when his hemorrhoids bled. (*Id.* at 16-19.) Plaintiff never raises issues with his housing or receiving his medications. While Plaintiff argues in his reply that there is a sufficient nexus between the issues raised in his complaint and

---

[1] These motions appear identical, so the Court will cite to the Emergency Motion for TRO (ECF No. 214).

1    the present motions because he cannot receive hemorrhoid surgery until his high
2    blood pressure is properly treated with regular access to his blood pressure
3    medication (ECF No. 232 at 3-4), the Court is unpersuaded because this
4    argument does not relate to his complaints about his cell move and Plaintiff never
5    alleged in his complaint that any delays in his surgeries was connected to not
6    receiving his medications. If Plaintiff believes he faces new violations of his rights,
7    he must grieve his concerns, exhaust his administrative rights, and initiate a new
8    action.

e. Objection/Appeal of Magistrate Judge Order (ECF No. 236) and Motion for Leave to File a Reply (ECF No. 240)

The Court now addresses Plaintiff's objection/appeal (ECF No. 236) of Judge Youchah's order (ECF No. 235) denying his Emergency Motion to Serious Medical Issues (ECF No. 218) and his Motion for Leave to File a Reply to Defendants' Response to his objection to his appeal (ECF No. 240). The Court first addresses the motion for leave (ECF No. 240). Defendants argue that the Court should deny the motion because Plaintiff did not technically request leave of the Court to file his reply as required by LR IB 3-1(a) and he failed to include points and authorities as required by LR 7-2(d). (ECF No. 242 at 3.) While the Court recognizes these concerns, in light of Plaintiff's pro se status, the Court will treat Plaintiff's motion as a request for leave and grant the motion.

The Court now turns to Plaintiff's objection. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's order, then the Court is required to "make a de novo determination of those portions of the [order] to which objection is made." *Id.* However, Plaintiff's motion does not specify his objections to Judge Youchah's order and instead alleges that Defendants lied in their response to his emergency motion. (ECF No. 236 at 1-5.) Because Plaintiff's motion thus functions as a reply

6

to Defendants' response, which Judge Youchah explicitly forbid (ECF No. 219 at 1), the Court will not conduct de novo review. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

      The Court is satisfied that Judge Youchah did not clearly err. Here, Plaintiff alleges that he has not received his medications, was not allowed to keep his heart monitor, and has not received treatment for an infection from the surgery. (ECF No. 218 at 1-5.) Judge Youchah denied Plaintiff's motion because Plaintiff's medical records (ECF No. 229) showed that "[w]hile the medical care Plaintiff receives may not be perfect, the records reflect substantial efforts to address all of Plaintiff's health concerns in a reasonably timely manner and upon learning of any delays." (ECF No. 235 at 1.) Judge Youchah noted that "on April 18, 2024, Plaintiff signed an acknowledgement that he received all of his medications except Lisinopril…[and] Plaintiff received his Lisinopril before May 8, 2024." (*Id.*). Judge Youchah also stated that "[t]he evidence does not support Plaintiff suffers from any infection." (*Id.*) With regards to the heart monitor, Judge Youchah said "the failure to provide a mobile device that connects to Plaintiff's heart monitor is explained and supported by the fact that there is no WiFi in the facility to which the device will connect and that the device may be altered in such a manner that it could be used as a cell phone." (*Id.*) She further stated that "the cardiologist does receive monitoring information from the heart monitor and no Holter-episodes were noted." (*Id.*) Having reviewed the record in this case, the Court agrees with Judge Youchah's conclusions regarding Plaintiff's medical treatment.

The Court will deny Plaintiff's Objection/Appeal of Magistrate Judge Order (ECF No. 236).

### IV. Conclusion

It is therefore ordered that the following motions are denied: ECF Nos. 200, 214, 215, 236.

It is further ordered that the following motions are granted: ECF Nos. 206, 208, 240.

It is further ordered that the following motions are stricken: ECF Nos. 202, 207.

DATED THIS 26th day of July 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE