UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (ECF Nos. 253, 254) |

　　　　Plaintiff Mark Picozzi ("Picozzi"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 against multiple defendants. In his Amended Complaint, Plaintiff accuses Defendants of denying him access to medical treatment for hemorrhoids and a back condition, failing to process requests to the law library, retaliating against him for submitting grievances, refusing to let him have a TV, withholding mail, and denying him Tier Time during Covid-19 related lockdowns. (ECF No. 10.)

　　　　Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order ("TRO") (ECF No. 253.)[1] In his motion, Plaintiff asks the court for an order preventing his transfer to Ely State Prison, or any other prison, until his medical issues are resolved. (ECF No. 253 at 8.) Additionally, Plaintiff requests an order that Inmate Accounting put funds back into his account; staff stop retaliating against him; sign "brass slips"; designate a "deposition place"; file all legal documents; and permit him into the law library. (*Id.*)

---

[1] Plaintiff's motions for a preliminary injunction and temporary restraining order are filed separately as ECF Nos. 253 and 254 because of the differing relief sought. These filings are identical and for ease this order will refer to ECF No. 253.

1

In response to Plaintiff's motion, the Court ordered Defendants to file a status report (ECF No. 256.) Defendants then filed a response to Plaintiff's motion (ECF No. 259) and Plaintiff filed a reply (ECF No. 265).

## I.     Legal Standard

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

## II.    Analysis

### A. Transfer

Defendant's status report (ECF No. 265), filed in response to the Court's order (ECF No. 255), states that "The Offender Management Division of the Nevada Department of Corrections (NDOC) does not have any plans, either current or future, to transfer Picozzi out of HDSP to any other institution within the NDOC. However, while NDOC cannot guarantee that Picozzi will never be transferred from HDSP to another institution, Picozzi's medical issues and current litigation will be taken into consideration prior to any transfer that may take place in the future." (ECF No. 265.)

Because NDOC has no current or future plans to transfer Plaintiff, Plaintiff cannot demonstrate that at this time there is a likelihood of irreparable harm if the injunction is not granted. Thus, Plaintiff's motion for an injunction preventing this transfer is denied without prejudice.

### B. Additional Claims

In Plaintiff's reply brief, after discussing his claim regarding transfer to Ely State Prison, he states, "Picozzi waives all other arguments he made in this

motion due to what I learned on October 3, 2024," at a settlement conference with Magistrate Judge Baldwin. (ECF No. 265 at 2-3.) As Plaintiff has waived the other claims made in this motion, the Court will not analyze them on the merits.

### III. Conclusion:

It is therefore ordered that Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 253, 254) are DENIED without prejudice.

Dated this 14th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE