UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARK PICOZZI,

        Plaintiff,

    v.

STATE OF NEVADA, et al.,

        Defendants.

Case No. 2:22-cv-01011-ART-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Compel Discovery, Medications, Deposition.  ECF No. 271.  The Court considered the Motion, Defendants' Response (ECF No. 272, and Plaintiff's Reply (ECF No. 273).

Plaintiff has been litigating claims brought in the instant matter for over two years.  Plaintiff has filed many motions with the Court (too many to count) and demonstrated he knows how to conduct discovery.  The Court previously explained that (1) it does not supervise employees of the Department of Corrections, and (2) Plaintiff must exhaust his internal remedies before he is entitled to bring new claims before the Court.  The Court has also explained that demands not related to the claims being litigated in this action will not be the subject of Court orders.

Plaintiff's demand for medical records related to his heart are not germane to his claims pertaining to hemorrhoids, which is the medical issue underlying this case.  Further, Plaintiff does not dispute Defendants' statement that he failed to serve requests for production of documents seeking the "Loop Implant Printouts."  It is the failure to respond to a discovery request that could form the basis for the Court to compel Defendants to produce documents.

The Court declines Plaintiff's demand for an in-person deposition.  First, Plaintiff must issue deposition notices.  This does not require $1,000 as the notice is a pleading that is sent by Plaintiff to Defendants' counsel providing the date, time, and location of a deposition.  If the date or location must be changed subsequent to serving a notice of deposition, Plaintiff may issue an amended notice. Second, costs, logistics, and security concerns associated with coordinating an in-person deposition

are not justified when Plaintiff has been granted the right to take depositions by Zoom or other on-line video conferencing system.

Finally, the Court finds Plaintiff did not meet and confer with Defendants' counsel before bringing his instant motion, which is a violation of well-established local rules applicable to incarcerated person, and which must be complied with before a discovery motion is ordinarily considered.  LR IA 1-3(f)(1), (2), (4).

The above said, the Court has some concerns with respect to the processing of Plaintiff's Brass Slip, which appears to be related to paying for depositions.  The failure to work with Plaintiff to access his funds will likely interfere with Plaintiff's ability to conduct deposition discovery in this matter.  The Court is also generally concerned with the timely delivery of prescribed medications to prisoners—an issue recently addressed by the Nevada legislature.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery, Medications, Deposition (ECF No. 271) is GRANTED in limited part as follows: The Deputy Attorney General ("DAG") assigned to this matter is to assist the Court by investigating why Plaintiff's Brass Slip has not been processed and, if appropriate, help with getting the Slip processed. The DAG is also to investigate whether Plaintiff has timely received his prescribed medications and, if he has not, provide information regarding why not.

IT IS FURTHER ORDERED that the DAG is to provide the Court with a status report as to the Brass Slip and medications no later than **January 27, 2025**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel seeking a court order requiring the DAG to turn over all Loop Implant Printout records and for an in-person deposition is DENIED.

Dated this 6th day of January, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE