UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion to Subpoena Defendants/Witnesses. ECF No. 293. Plaintiff contends "staff at High Desert State Prison" has "lied to this Court … about Brass Slips" and "emergency grievances." Plaintiff asks the Court to issue an order requiring ten different High Desert employees to testify. Plaintiff further asks the Court to issue a criminal complaint with the Department of Justice and F.B.I. Plaintiff levels accusations against the Deputy Attorneys General as well. Plaintiff makes demand for documents unrelated to his case.

    Defendants respond to Plaintiff's Motion focusing on Plaintiff's failure to (1) meet and confer, and (2) cite authority in support of his requests. ECF No. 297. The Court does not consider Plaintiff's Motion one requiring a meet and confer because Plaintiff does not seek discovery related to the allegations in his operative Complaint. The Court further finds that while Plaintiff offers no cited authority for the requests he makes, and in the absence of authority offers weak arguments, the lack of cited authority is not necessarily the death knell to Plaintiff's Motion.

    More important to the Court is Defendants' representation that the issue with the Brass Slips has been resolved. *Id*. at 2. Unfortunately, Defendants do not provide any detail regarding that resolution. *Id*. Such detail would be of substantial assistance to the Court. It is regrettable that Defendants focus on form rather than substance in this regard.

    Moving on to the substance of Plaintiff's request, the Court will not issue the subpoenas Plaintiff seeks. Plaintiff, even though he is *pro se* and incarcerated, must follow the same Rules of Civil Procedure as all litigants and, while entitled to certain liberality when reviewing his filings, is

1

not entitled to any greater rights in these proceedings than Defendants. "[E]ven as lawyers must, *pro se* litigants must become familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice …." *Oliver v. Long*, Case No. CV-06-2429-PCT-LOA, 2007 WL 623783, at *1 (D. Ariz. Feb. 23, 2007) (citing *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)). The Court has previously explained that if Plaintiff wishes to depose witnesses, he must make the arrangements to do so using the privileges he has and his own funds to pay witness fees. *Shaheed v. Mitchell*, Case No. 17-cv-01885-VC (PR), 2018 WL 11258371, at *2 (N.D. Cal. Aug. 9, 2018) (Plaintiff "may conduct depositions, but he must make the necessary arrangements and pay for all the costs associated with them"); *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (holding that 28 U.S.C. § 1915 does not entitle plaintiffs to "a waiver of witness fees").

It is entirely unclear to the Court what efforts, other than the dispute over the Brass Slips, Plaintiff has made to set the deposition of any witness related to the allegations in his Complaint. The Deputy Attorney General previously offered to work with Plaintiff to set dates for individual Defendants; however, other than that offer and Plaintiff's repeated claims regarding Brass Slips, the Court has no information about where these efforts presently stand. Further, and very importantly, Plaintiff must keep in mind and understand that he is litigating a specific set of claims. "Unrelated claims against different defendants belong in different suits …." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's case is not an opportunity to investigate every alleged wrong that occurs inside High Desert State Prison. This case is about a specific medical problem and the care Plaintiff alleges he did not receive for that problem.

In sum, the Court finds there is, at best, insufficient information upon which to conclude an evidentiary hearing or any other investigation should occur regarding the unadorned allegations in Plaintiff's Motion to Subpoena. The Court finds Plaintiff, as he has done multiple times before, seeks to broaden his case beyond those claims on which he is proceeding.

Nonetheless, the Court would benefit from additional information Defendants can provide specifically addressing what, if any, Brass Slips Plaintiff submitted for purposes of paying the costs associated with subpoenaing witnesses who, in good faith, are expected to have information relevant

1  and proportionate to Plaintiff's claims. The Court would also benefit from Defendants' explanation
2  of what, if any, efforts have been made to depose parties to this case. This includes when, if at all,
3  Plaintiff sought dates for party depositions, who Plaintiff sought to depose, and what efforts to agree
4  upon the parameters for such depositions occurred. While Plaintiff must arrange for a court reporter
5  and the associated costs, dates and times for such deposition could, potentially, be agreed upon.
6  *Matthews v. Puckett*, Case No. 15-17484, 2016 WL 6872933, at *1 (9th Cir. Nov. 22, 2016) (pro se
7  state prisoner proceeding *in forma pauperis* must bear his own discovery costs); *Griffin v. Johnson*,
8  Case No. 1:13-cv-1599-LJO-BAM (PAC), 2016 WL 4764670, at *2 (E.D. Cal. Sept. 12, 2016)
9  ("Plaintiff's *in forma pauperis* status also does not entitle him to a waiver of any of the costs
10 associated with this form of deposition; instead, he must pay the necessary deposition officer fee,
11 court reporter fee, and costs for a transcript."). The Court is aware discovery is set to close on April
12 14 (ECF No. 252); thus, the diligence with which discovery has been pursued by Plaintiff is at issue.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Subpoena Defendants/Witnesses (ECF No. 293) is DENIED.

IT IS FURTHER ORDERED that Defendants must file a status report to assist the Court in assessing discovery issues. The status report must include a narrative that provides (1) a narrative that provides dates on which Brass Slips, if any, were submitted by Plaintiff for the specific purpose of paying the costs associated with subpoenaing witnesses who, in good faith, are expected to have information relevant and proportionate to Plaintiff's claims, and (2) what, if any, efforts Plaintiff has made to depose parties to this case. This includes when, if at all, Plaintiff sought dates for party depositions, who Plaintiff sought to depose, and what efforts to agree upon the parameters for such depositions occurred. Exhibits may be attached to the status report; however, the Court requires the narrative provide this information so the Court is not left trying to piece together events.

IT IS FURTHER ORDERED that Defendants' status report is due **no later than April 14, 2025.**

Dated this 27th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3