UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants. | Case No. 2:22-cv-01011-ART-EJY<br><br>**ORDER** |

On April 17, 2025, the Court issued orders from the bench resolving Plaintiff's Motions at ECF Nos. 298, 300, 306, and 307. The Senior Deputy Attorney General (the "DAG") will graciously assist with arranging a date for the four depositions to be taken by Plaintiff while he is housed at High Desert State Prison. All four depositions must occur on the same day. Each deposition is limited to 90 minutes. The DAG also agreed to obtain and provide Plaintiff with the video conferencing information that must be provided to deponents who will appear virtually for depositions.

Plaintiff was instructed that he **must** serve a written amended notice of deposition on Defendant Jacques Graham. The Court advised Plaintiff that the amended deposition notice **must** include the date and time of the deposition, as well as the link to the video conference through which Mr. Graham will connect and appear for his deposition. The Court further explained that Plaintiff **must** serve Lisa Marie Garcia with a subpoena to virtually appear at deposition. A partially completed Rule 45 deposition subpoena is attached to this Order as Exhibit A. Plaintiff **must** complete the form with the date, time, and the video conference link before service on Ms. Garcia is attempted. Plaintiff **must** arrange for service of the subpoena on Ms. Garcia. The remaining two individual to be deposed are represented by the Attorney General's Office and notice of these depositions may be agreed upon informally or provided by Plaintiff to defense counsel in writing. Notice must include the date and time of virtual appearance for these witnesses.

1

The Court granted an extension of discovery through **June 13, 2025** for the following limited purposes:

1. Plaintiff **must** respond to Defendants' written discovery by placing his responses in the mail no later than **May 8, 2025**;

2. Defendants **must** produce the factual portions of reports, memorandum, or similar documents, if any, regarding the information found in Defendant Jacque Graham's office, which production must be provided to Plaintiff **two weeks before the depositions**; and

3. Plaintiff is permitted to take a total of four depositions by videoconference. The depositions are to occur on a single day **before June 13, 2025**. Each deposition is to last no more than 90 minutes. No other discovery is permitted during this extended discovery period unless ordered by the Court.

Plaintiff is reminded that his questioning **must** be limited to topics related to the causes of action pending before the Court. Plaintiff may not inquire into general issues of concern he may have regarding his incarceration or the operations of High Desert State Prison. Plaintiff may not delve into the personal lives of the witnesses he is questioning. Plaintiff is advised an answer to a question stating "I don't know" or "I don't remember" is a sufficient response. Plaintiff may ask a witness if there is anything that would help refresh his or her memory, but Plaintiff cannot ask the same question multiple times or otherwise harass the witnesses. Finally, Plaintiff is advised that defense counsel is free to object to questions. Generally, witnesses must answer a question objected to unless the answer calls for disclosure of privileged information or counsel instructs the witness not to answer for another lawful reason.

The Court's review of the docket shows no last known address was filed under seal for Lisa Marie Garcia. Accordingly, the DAG **must** file the same **within fourteen days of the date of this Order**. The address is to be filed under seal, but **must** also be provided to Plaintiff for purposes of service of a deposition subpoena on Ms. Garcia; provided, however, that if Ms. Garcia chooses to cooperate with the DAG for purposes of appearing at deposition, then her address need not be filed or shared with Plaintiff. The DAG **must file**, no later than **May 12, 2025**, one of the following: Ms. Garcia's last known address, under seal, with service of the same on Plaintiff for purposes of

2

allowing Plaintiff to serve a deposition subpoena on Ms. Garcia or a notice that Ms. Garcia has agreed to cooperate with the DAG and appear at deposition without being formally served.

Finally, when this Order is served on the parties, the Clerk of Court **must include** the Subpoena form attached hereto as Exhibit A.

IT IS SO ORDERED this 18th day of April 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| MARK PICOZZI | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-01011-ART-EJY |
| STATE OF NEVADA, et al., | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Lisa Marie Garcia

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: Videoconference

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DEBRA K. KEMPI
CLERK

*[signature]*
(By) DEPUTY CLERK

04/18/25 Las Vegas, NV
DATE

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).