UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARK PICOZZI,

    Plaintiff,

    v.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:22-cv-01011-ART-EJY

**ORDER**

Pending before the Court is yet one more "emergency" motion filed by Plaintiff that fails to demonstrate any effort to grieve the issues raised and without regard to how this distracts from the ability to accommodate his request to take depositions while incarcerated. It was just one week ago the Court held a hearing explaining to Plaintiff that his enumerable, unending motions, detract from the ability to assist Plaintiff with his discovery requests. The Court has also repeatedly advised Plaintiff that not every motion is an emergency and that the Court does not supervise the Nevada Department of Corrections.

The instant "Emergency Motion" (ECF No. 320) alleges a variety of wrongs that mostly, at least on the surface, appear to relate to an attempt to move an inmate into Plaintiff's cell and alleged comments by prison guards that they are doing so in retaliation for Plaintiff seeking depositions of other staff members. Plaintiff claims he is entitled to be in a single cell by virtue of a Court Order; however, the Court is not familiar with any Order requiring High Desert State Prison to ensure Plaintiff is in a cell without a cellmate. If such an Order exists, Plaintiff is free to identify the date of the Order so that in the over 300 items filed, approximately 82 of which were motions filed by Plaintiff, the Court can locate this particular directive.

Plaintiff complains that he has not yet had hemorrhoid surgery. The Court understood some of the delay was due to Plaintiff's heart condition. The Court is not aware whether that issue has been resolved. Further, if Plaintiff is seeking some kind of injunctive relief he must title his Motion as one for Preliminary Injunction and then address and meet the standard to obtain such relief. In

its current form, it is not entirely clear what exactly Plaintiff is asking of the Court and, therefore, whether the Court has the authority to require NDOC to take any of the actions Plaintiff may seek.

Accordingly, IT IS HEREBY ORDERED that the Deputy Attorney General is to respond **only** to the following issues appearing in Plaintiff's instant Motion: (1) is there a Court Order or HDSP directive requiring Plaintiff to be housed in a cell without cellmates; (2) if so, identify the Court Order by date or, if the directive was issued by the prison, provide a copy of the same; and (3) what is the status of Plaintiff's hemorrhoid surgery. The Court does not need or want a full medical history or a download of medical files. The Court only needs the current status and plan regarding treatment of Plaintiff's hemorrhoids.

Because the Deputy Attorney General is working on Plaintiff's deposition request, the Court requires a response to these questions on **May 16, 2025**. If more time is needed, the Deputy AG may request the same from the Court.

IT IS FURTHER ORDERED that Plaintiff is **not** to file a response or any other document related to his instant Motion unless expressly permitted by the Court to do so.

Dated this 28th day of April 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE