1

2          UNITED STATES DISTRICT COURT

3                DISTRICT OF NEVADA

4

5    MARK PICOZZI,                          Case No. 2:22-cv-001011-ART-DJA

6                          Plaintiff,       ORDER DENYING PLAINTIFF'S
                                            MOTION FOR PRELIMINARY
7        v.                                 INJUNCTION (ECF No. 337)

8    STATE OF NEVADA, *et al.,*

9                          Defendants.

10       Plaintiff Mark Picozzi ("Picozzi"), who is incarcerated in the custody of the

11   Nevada Department of Corrections ("NDOC") submitted a civil-rights complaint

12   under 42 U.S.C. § 1983 against multiple defendants. In his Amended Complaint,

13   Plaintiff accuses Defendants of denying him access to medical treatment for

14   hemorrhoids and a back condition, failing to process requests to the law library,

15   retaliating against him for submitting grievances, refusing to let him have a TV,

16   withholding mail, and denying him Tier Time during Covid-19 related lockdowns.

17   (ECF No. 10.)

18       Before the Court is Plaintiff's motion for a preliminary injunction and

19   temporary restraining order ("TRO"). (ECF No. 337.) In his motion, Plaintiff asks

20   the Court for an order requiring Defendants to provide him with blood thinner

21   medication, stop withholding any outgoing legal mail, receive an in-person

22   medical call, and respond to his emergency grievances. (*Id.* at 3-4.)

23       Defendants filed a response to Plaintiff's motion. (ECF Nos. 341, 343.)

24   Plaintiff filed a reply. (ECF No. 351.)

25       **I.    LEGAL STANDARD**

26       A party seeking a preliminary injunction must demonstrate (1) a likelihood

27   of success on the merits, (2) a likelihood of irreparable harm if preliminary relief

28   is not granted, (3) the balance of equities is in their favor, and (4) an injunction

1

1    is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555

2    U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially

3    identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v.*

4    *John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

5         A plaintiff who seeks a mandatory injunction—one that goes beyond simply

6    maintaining the status quo during litigation—bears a "doubly demanding"

7    burden: "[he] must establish that the law and facts clearly favor [his] position,

8    not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740

9    (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory

10   injunctions are "particularly disfavored" and "should not issue in doubtful cases."

11   *Id.* (internal quotations omitted). The Prison Litigation Reform Act ("PLRA")

12   similarly instructs that any restraining order or preliminary injunction granted

13   with respect to prison conditions "must be narrowly drawn, extend no further

14   than necessary to correct the harm the court finds requires preliminary relief,

15   and be the least intrusive means necessary to correct that harm." 18 U.S.C. §

16   3626(a)(2).

17        A district court may also only grant preliminary relief where there is "a

18   relationship between the injury claimed in the motion for injunctive relief and the

19   conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v.*

20   *Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This relationship is

21   sufficiently strong where the preliminary injunction would grant "relief of the

22   same character as that which may be granted finally." *De Beers Consol. Mines v.*

23   *United States,* 325 U.S. 212, 220 (1945). "Absent that relationship or nexus, the

24   district court lacks authority to grant the relief requested." 810 F.3d at 636.

25   **II.    ANALYSIS**

26        The Court cannot grant injunctive relief with respect to Plaintiff's requests

27   that this Court order that Defendants follow Assembly Bills pertaining to the

28   distribution of medication and the answering of grievances because the Court

2

does not have the authority to generally order Defendants to follow the law. Granting such general injunctive relief runs afoul of the PLRA's instruction that injunctive relief be narrowly tailored to the alleged harm. See 18 U.S.C. § 3626(a)(2).

### A. Requests for Medication and In-Person Medical Call

The Court denies Plaintiff's motion for a preliminary injunction in regard to his medical requests because the issues he raises lack a substantive nexus to the relief requested in his complaint. Plaintiff's concerns about his medical care in the complaint include not receiving hemorrhoid surgery, back surgery, or follow-up care for his right eye. (ECF No. 10 at 15.) Plaintiff does not allege in his complaint that any delays in his surgeries were connected to not receiving his medications, nor does he plead any violation of state law as described in his motion. (*See also* ECF No. 246.)

Additionally, Plaintiff's medical requests appear to be moot. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) quoting *Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993). When injunctive relief is at issue, mootness is determined based upon the present circumstances. *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). In his reply, Plaintiff attached exhibits demonstrating that he did receive his medication on July 28, 2025. (ECF No. 351 at 9.) Defendants also attached sealed records showing that Plaintiff's requests for medication were granted in May and June of 2025 (ECF No. 345 at 69, 70, 73) and he had an appointment on July 29, 2025, that would let the doctor know he was requesting a follow-up appointment about his heart surgery. (ECF No. 345 at 75.)

**B. Withholding Legal Mail and Denying Priority Mail Boxes**

Plaintiff does allege in his amended complaint that the mailroom staff was withholding his "USA Today Newspapers, T.V. Guides, . . . [and] religious materials" and that "legal mail is being opened outside his presence." (ECF No. 10 at 25-26.) His amended complaint does not allege, as stated in his motion, that his legal mail is not being sent nor that he was denied priority mail materials. It also appears that the Court has continued to receive filings from Plaintiff, including his Motion for Leave to File Depositions referenced in his motion. (*See* ECF No. 338.) The Court acknowledges that it has not received a motion for summary judgment from Plaintiff. Plaintiff points to a Declaration by NDOC staff made under penalty of perjury that this motion was placed into outgoing mail, but it has not arrived. (ECF No. 336.) Because the Court has continued to receive filings from Plaintiff, it is not clear that this alleged harm is ongoing sufficient to carry his burden of demonstrating a real or immediate threat of irreparable injury. *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000) ("In the context of injunctive relief, the Plaintiff must demonstrate a real or immediate threat of an irreparable injury."). Given the declaration filed by the Plaintiff, the Court will request a status report from NDOC on Plaintiff's outgoing mail. The Court also grants Plaintiff leave to file his motion for summary judgment by December 8, 2025.

If Plaintiff believes he faces new violations of his rights outside the operative complaint, he must grieve his concerns, exhaust his administrative rights, and initiate a new action. The Court is sympathetic to Plaintiff's requests and will address his operative complaint's claims on the merits in due time, including the provision of any appropriate relief.

**III.    CONCLUSION**

It is therefore ordered that Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF Nos. 337) is denied without prejudice.

It is further ordered that Defendants are ordered to file a status report on Plaintiff's outgoing legal mail by December 8, 2025.

It is further ordered that Plaintiff may file his motion for summary judgment by December 8, 2025.

DATED: November 7, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE