**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MARK PICOZZI,

     Plaintiff,

    v.

STATE OF NEVADA, *et al.*

     Defendants.

Case No. 2:22-cv-01011-ART-EJY

**ORDER**

## I.    Relevant Background

On December 22, 2025, the Court denied Plaintiff's Motion for Rule 56 Declaration (ECF No. 369) stating Plaintiff failed to file a reply. ECF No. 377. This Order was entered in error as the Court had previously granted Plaintiff through and including January 14, 2026 to submit such filing. ECF No. 376. Plaintiff filed an objection to the Court's Order (ECF No. 379) identifying the error, and the Court responded finding ECF No. 377 was entered in error and confirming Plaintiff had until January 14, 2026 to file his Reply. ECF No. 383. On January 5, 2026, Plaintiff filed the declaration of the process server who had attempted service on Lisa Marie Garcia in May 2025. ECF No. 380. On January 20, 2026, Plaintiff filed a document titled Motion to Update Court. ECF No. 384.

The Declaration of Attempted Service on Ms. Garcia was signed under penalty of perjury by James Faulkner on May 21, 2025. ECF No. 380 at 7. The Declaration recounts four attempts to serve Ms. Garcia. *Id*. at 6. On the first of the three occasions Mr. Faulkner attempted service he waited 15 minutes and was then told the HR Manager was unavailable. *Id*. at 6. Mr. Faulkner was also told that he could not serve Ms. Garcia without the HR Manager, and that he should return the following day at 9 a.m. *Id.* Mr. Faulkner returned six days later at 10:25 a.m. and was told the HR Manager was unavailable. *Id.* Mr. Faulker returned the next day and 10:38 a.m. and met with the HR Manager. *Id*. The HR Manager told Mr. Faulkner that he had spoken with Ms. Garcia and they would not allow service at the address and location where Ms. Garcia apparently now works for Nevada Department of Corrections. *Id*.

Plaintiff says Ms. Garcia's deposition "will verify everything" he is saying and "suing for." *Id*. at 2. Plaintiff contends "staff stopped" him "from giving Ms. Garcia legal documents that she personally brought to the mailroom and logged it … [and that t]his was proof of what was being mailed out." *Id*. at 2-3. Plaintiff says that "staff [has] repeatedly lied to this Court about … [him] or falsified records." *Id*. at 3. According to Plaintiff Ms. Garcia will tell the truth and this is why Defendants do not want her to testify. *Id*.

Defendants filed a Motion for Summary Judgment ("MSJ") on September 26, 2025. ECF No. 354. Albeit somewhat belatedly, Plaintiff filed a Motion for Rule 56 Declaration through which he sought Ms. Garcia's deposition in an effort to gather evidence in response to Defendants' MSJ. ECF No. 369. Defendants opposed this motion arguing Plaintiff had "several opportunities to conduct a deposition of … Lisa Marie Garcia and failed to serve her." ECF No. 374 at 2. Defendants also pointed to Plaintiff's then-failure to file Mr. Faulkner's Declaration—executed in May 2025—until early January 2026. *Id*. Defendants cited the Court's May 22, 2025 Order in which the Court denied Plaintiff's first request to compel Ms. Garcia's deposition because Plaintiff failed, at that time, to present a factual basis on which the Court could find Ms. Garcia had avoided service. *Id*. *citing* ECF No. 329 at 1. All of this history said, it now appears the factual basis to compel Ms. Garcia's deposition *may* be supported. That is, the Declaration completed by Mr. Faulkner shows not necessarily a failure to serve, but an inability to serve because of what appears to be a potential refusal to cooperate with service. ECF No. 380 at 6.

Among the claims before the Court is Plaintiff's allegations of interference with his mail in violation of the First Amendment. ECF No. 354 at 1. Thus, it appears Ms. Garcia could, at least potentially, have information relevant to Plaintiff's claim. *Compare* ECF No. 369. The Court also notes that Plaintiff timely sought Ms. Garcia's deposition (ECF Nos. 306, 307, 326), Ms. Garcia is not represented by the Nevada Attorney General, and service on Ms. Garcia may have been thwarted despite reasonable efforts to serve. ECF No. 380 at 6. In contrast, Plaintiff failed to pursue Ms. Garcia's deposition after his Motion to Compel her deposition was denied on May 22, 2025. In fact, Plaintiff waited approximately seven months to file Mr. Faulkner's Declaration that is dated May 21, 2025. This delay is unexplained by Plaintiff. However, Plaintiff did timely file a misnamed Fed.

2

R. Civ. P. 56(d) Motion (ECF No. 369) in response to Defendant's Motion for Summary Judgment (ECF No. 354).

**II.     Discussion**

The Court finds Plaintiff provides no explanation for why Mr. Faulkner's Declaration, dated May 21, 2025, was not filed with the Court until January 5, 2026.  ECF No. 380.  As early as May 22, 2025 the Court explained that "Plaintiff must, at a minimum, submit a declaration from the individual who attempted to serve Ms. Garcia regarding the specifics of the attempt or attempts to serve before the Court will consider an order directed at Ms. Garcia."  ECF No. 329.  While "[t]he Court does not hold prisoners proceeding *pro se* to the same standards that it holds attorneys" they still must provide some explanation for the failure to file key information, identified by the Court as necessary to a motion seeking some form of relief, over a seven month period.  *Waterbury v. Scribner*, Case No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008).  Well establish law hold *pro se* plaintiffs must follow the same rules that govern other litigants (*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), and a delay of the magnitude present here would not ordinarily be excused by the Court in the absence of some compelling reason explaining that delay. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); *Long v. Playboy Enters. Int'l, Inc.*, 565 Fed.Appx. 646, 648 (9th Cir. 2014) ("Failing to diligently pursue discovery in the past is sufficient reason to deny [a Rule 56(d) motion for] further discovery.") (alteration in original).

**III.     Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that the Court's Order at ECF No. 377 is reaffirmed to the extent that Plaintiff's Motion for Rule 56 Declaration in Support to Depose Lisa Marie Garcia (ECF No. [369]) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Update Court and Clarification to Magistrate Judge Youchah (ECF No. [384]) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has **one** opportunity to provide the Court with a clear and concise explanation for why he did not file the Declaration of James Faulkner, dated May 21, 2025, until January 5, 2026 despite the Court's ruling on May 22, 2025 at ECF No. 378. Plaintiff's explanation is limited to **three pages and must address this delay *only***.  Plaintiff ***is not***

to address any other arguments or issues—but *only* the failure to file the Declaration over this seven month period.  Plaintiff's explanation is due no later than **February 20, 2026**.

IT IS FURTHER ORDERED that Defendants' response to Plaintiff's explanation is due no later than **March 2, 2026**.

IT IS SO ORDERED this 2nd day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4